# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Raleigh Heating & Air, LLC <br> and Air Experts Heating, Cooling, LLC <br><br> Plaintiffs, <br><br> v. <br><br> RaleighHVAC247 LLC <br><br> Defendant. | Civil Action No. 4:21-cv-35 <br> Jury Trial Demanded |

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiffs Raleigh Heating & Air, LLC (formerly Raleigh Heating & Air Incorporated) and Air Experts Heating, Cooling, LLC (collectively "Raleigh Heating & Air"), for their Complaint against Defendant RaleighHVAC247 LLC, allege and state as follows:

## NATURE OF THE ACTION

1. This is an action for: (i) unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (ii) trademark infringement of a registered North Carolina trademark in violation of the North Carolina Trademark Registration Act, N.C. Gen. Stat. § 80-1 *et seq.*; (iii) trademark infringement under North Carolina common law; (iv) unfair competition under North Carolina common law; and (v) unfair or deceptive trade practices under N.C. Gen. Stat. § 75-1.1 *et seq*.

## PARTIES AND JURISDICTION

2. Plaintiff Raleigh Heating & Air, LLC is a Delaware corporation with a registered office address at 2 South Salisbury Street, Raleigh, NC 27601.

3. Plaintiff Air Experts Heating, Cooling, LLC is a Delaware corporation with its principal place of business at 2730 Rowland Road, Raleigh, NC 27615.

4. According to filings with the North Carolina Secretary of State, Defendant RaleighHVAC247 LLC ("Defendant") is a North Carolina corporation with a registered office address at 107 Virens Drive, Cary, NC 27511.

5. This Court has personal jurisdiction over Defendant because Defendant is a resident North Carolina corporation with a registered office in this District, and because it purposefully availed itself of the benefits and protections of North Carolina law by, among other things, establishing itself as a North Carolina limited liability company.

6. This Court also has personal jurisdiction over Defendant because Defendant has committed and is continuing to commit infringing and unfair acts in this District, including among others directly and regularly soliciting consumers in this District to contract Defendant's services while using the trademark RALEIGHHVAC247.COM, and similar word and/or design mark variants thereof (collectively, the "Infringing Marks"), which are confusingly similar to the RALEIGH HEATING AND AIR trademark, and similar variations thereof, owned by Plaintiff (the "RALEIGH HEATING AND AIR Mark"), soliciting and receiving from the North Carolina Secretary of State a business registration for Defendant which bears a name confusingly similar to the RALEIGH HEATING & AIR Mark, and advertising to potential consumers in this District Defendant's air conditioning and heating services bearing a name confusingly similar to the RALEIGH HEATING & AIR Mark.

7. This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(b), and 1367.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and § 1391(c) because a substantial part of the events or omissions giving rise to the claims arose within this judicial district and because Defendant resides, and is subject to personal jurisdiction, in this District.

**ALLEGATIONS COMMON TO ALL COUNTS**

**I. History of Raleigh Heating & Air and the Raleigh Heating & Air Mark**

9. Raleigh Heating & Air traces its roots back almost thirty (30) years, in a Garner, NC home with just two employees. At all times since its founding, Raleigh Heating & Air has provided heating, ventilation, air conditioning, and indoor quality air services, among others, to relevant consumers.

10. Since its founding, Raleigh Heating & Air has steadily increased its assets and footprint, expanding to a business with about forty-six (46) employees, servicing Raleigh, Wake Forest, Cary, Wake County and the surrounding areas.

11. At all times since December 31, 1992 through the present, Raleigh Heating & Air has used the RALEIGH HEATING & AIR Mark, or similar variations thereof, as a trademark to signify to relevant consumers that Raleigh Heating & Air is the source of the high-quality maintenance, installation, and repair of heating, ventilation, and air conditioning systems ("HVACs"), among other goods and services, Raleigh Heating & Air provides.

12. At all relevant times, Raleigh Heating & Air has invested significant time, effort, and expense to associate, in the minds of relevant consumers, the RALEIGH HEATING & AIR Mark with Raleigh Heating & Air's high-quality goods and services.

13. As a result of Raleigh Heating & Air's extensive, continuous, prevalent, and longstanding use and promotion of the RALEIGH HEATING & AIR Mark, Raleigh Heating & Air has developed substantial goodwill in the RALEIGH HEATING & AIR Mark among relevant consumers, and the RALEIGH HEATING & AIR Mark is strong, valid, and distinctive.

14. The RALEIGH HEATING & AIR Mark has acquired secondary meaning in that among relevant consumers it has become associated with Raleigh Heating & Air and its high-quality goods and services.

15. As a result of its advertising and sale of goods and services, as well as the use of the RALEIGH HEATING & AIR Mark in connection with the sale and offering for sale of Raleigh Heating & Air's goods and services, the RALEIGH HEATING & AIR Mark and the goodwill of the business associated therewith are of inestimable value to Raleigh Heating & Air.

II. **Raleigh Heating & Air's Trademark Registration**

16. To protect its valuable investment in its trademark, Raleigh Heating & Air sought registration of its trademark in North Carolina on or about December 1992.

17. On December 31, 1992, the North Carolina Secretary of State registered the RALEIGH HEATING & AIR service mark in relation to "maintenance, installation, and repair of HVAC systems" services in International Class 037 and assigned it North Carolina Registration number 022856 ("North Carolina RALEIGH HEATING & AIR Mark Registration"). A true and correct copy of the RALEIGH HEATING & AIR Registration Certificate is attached hereto as **Exhibit A**.

18. Raleigh Heating & Air timely renewed the North Carolina RALEIGH HEATING & AIR Mark Registration. The most recent registration renewal is effective as of November 16, 2017.

19. The North Carolina RALEIGH HEATING & AIR Mark Registration is valid and subsisting and was assigned to Air Experts Heating, Cooling LLC on November 20, 2020 with an exclusive license back.

### III. Defendant Adopts Confusingly Similar Trademarks

20. During the Summer of 2020, Raleigh Heating & Air learned of a heating and air conditioning service provider under the name "Raleigh HVAC 24/7" through its website, RALEIGHHVAC247.COM.

21. Having learned of Defendant's use of the RALEIGHHVAC247.COM name on its websites and in its marketing, and it being confusingly similar to the RALEIGH HEATING & AIR Mark, Raleigh Heating & Air sent a letter to Defendant on July 27, 2020 advising Defendant of Raleigh Heating & Air's North Carolina Registration and longstanding rights in the RALEIGH HEATING & AIR Mark, the likelihood of consumer confusion that would result from their use of the RALEIGH HEATING & AIR Mark, and requesting that Defendant adopt a different proposed name that is not confusingly similar to the RALEIGH HEATING & AIR Mark.

22. On or about September 1, 2020, Defendant agreed to change its name. On or about September 10, 2020, Defendant further informed Raleigh Heating & Air that it would change its name by the end of December 2020.

23. Despite written notice of Raleigh Heating & Air's registered and common law rights in the RALEIGH HEATING & AIR Mark, being advised of the likelihood for consumer confusion if Defendant continued use with the RALEIGHHVAC247.COM name, and Defendant's agreement to change its name, Defendant has failed to cease use of its Infringing Marks, including the RALEIGHHVAC247.COM mark.

24. Defendant's Infringing Marks, and similar word and/or design mark variants thereof, are confusingly similar to the RALEIGH HEATING & AIR Mark.

25. The term "HVAC" is commonly understood as the acronym for "heating, ventilation, and air conditioning."

26. Therefore, a consumer would understand Defendant's mark as RALEIGH HEATING, VENTILATION, AND AIR CONDITIONING. Defendant's mark shares identical terms and is similar to the RALEIGH HEATING & AIR Mark in sound, appearance, connotation, and commercial impression.

27. At least some, if not all, of the goods and services offered under Defendant's Infringing Marks are identical to those of Raleigh Heating & Air.

28. Defendant is using the confusingly similar Infringing Marks to trade off Raleigh Heating & Air's advertising, consumer recognition and goodwill in the RALEIGH HEATING & AIR Mark to, among other things, increase business revenue, profits, and clientele for Defendant.

29. For example, consumers are likely to mistakenly associate the Infringing Marks with Raleigh Heating & Air and the goodwill associated with the RALEIGH HEATING & AIR Mark and therefore mistakenly believe or understand that Defendant is Raleigh Heating & Air, or that Defendant is sponsored by, affiliated with or otherwise endorsed by Raleigh Heating & Air. Such consumer confusion will not only weaken the strength of the RALEIGH HEATING & AIR Mark, but also result in substantial lost sales and lost profits, in addition to other damages.

30. In addition, upon information and belief, Defendant intends to make continued use of its Infringing Marks in relation to goods and services identical to those provided by Raleigh Heating & Air, including for example heating, ventilation, and air conditioning services.

31. Defendant markets its various goods and services under the Infringing Marks through the same channels of trade and through similar or identical facilities to the same or similar consumers, including overlapping consumers in North Carolina.

32. Defendant's use and proposed use of the confusingly similar Infringing Marks to promote and offer the same products and services as Raleigh Heating & Air to the same consumers as Raleigh Heating & Air is likely to cause a substantial number of relevant consumers to be mistaken, confused or deceived into thinking that Defendant's products and services may be related to, affiliated with, sponsored by or authorized by Raleigh Heating & Air.

33. Defendant has no affiliation with Raleigh Heating & Air and is not authorized to use the RALEIGH HEATING & AIR Mark.

## COUNT I

**UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**

34. Raleigh Heating & Air realleges and incorporates paragraphs 1 through 33 as if fully set forth herein.

35. Raleigh Heating & Air is the owner of the RALEIGH HEATING & AIR Mark.

36. The RALEIGH HEATING & AIR Mark is valid, protectable, and enforceable.

37. Raleigh Heating & Air has continuously and exclusively used the RALEIGH HEATING & AIR Mark in its current form since at least 1992, and has made use in similar forms for decades.

38. Raleigh Heating & Air's use has at all relevant times been in connection with the provision of heating, ventilation, air conditioning services, among other goods and services.

39. Raleigh Heating & Air's use of the RALEIGH HEATING & AIR Mark pre-dates any use of the Infringing Marks by Defendant.

40. By virtue of Raleigh Heating & Air's continuous and exclusive use and promotion of the RALEIGH HEATING & AIR Mark, as well as the distinctiveness and/or acquired secondary meaning of the RALEIGH HEATING & AIR Mark, consumers associate the RALEIGH HEATING & AIR Mark with a single source of goods and services provided under the RALEIGH HEATING & AIR Mark by Raleigh Heating & Air.

41. Defendant's use of the confusingly similar Infringing Marks in connection with at least heating and air conditioning services constitutes use that is likely to cause confusion and mistake and to deceive consumers as to the source or origin of Raleigh Heating & Air's goods and services such that consumers may believe that Defendant's goods and services are sponsored by, endorsed by, approved by, licensed by, authorized by, or affiliated or connected with Raleigh Heating & Air.

42. Defendant's wrongful acts violate 15 U.S.C. § 1125(a), and in view of at least Defendant's adoption of the Infringing Marks and continued use of the Infringing Marks *after* learning of Raleigh Heating & Air's rights in the North Carolina RALEIGH HEATING & AIR Mark Registration, have been deliberate, willful, and in intentional disregard of Raleigh Heating & Air's rights.

43. Defendant's wrongful acts have permitted and/or will permit Defendant to deceive relevant consumers and earn substantial revenues and profits on the strength of Raleigh Heating & Air's extensive advertising, consumer recognition, and goodwill associated with the RALEIGH HEATING & AIR Mark.

44. By reason of Defendant's wrongful acts, Raleigh Heating & Air has suffered and will continue to suffer damages.

45. By reason of Defendant's wrongful acts, Raleigh Heating & Air has suffered and will continue to suffer irreparable harm and damage to its business, trade, reputation, and goodwill as a result of the erroneous perception that the goods and services of Defendant are affiliated with, sponsored by, approved by, or originate from Raleigh Heating & Air.

46. By reason of Defendant's wrongful acts, Raleigh Heating & Air has suffered and will continue to suffer irreparable injury that cannot be adequately compensated for by damages alone, and Raleigh Heating & Air has no adequate remedy at law for Defendant's infringement of its rights. Raleigh Heating & Air is entitled to preliminary and permanent injunctive relief, Defendant's profits trebled, as well as its attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

47. By reason of, at least, Defendant's deliberate, willful, and intentional disregard of Raleigh Heating & Air's rights, this case is "exceptional" within the meaning of 15 U.S.C. § 1117, and Raleigh Heating & Air is entitled to its attorneys' fees and costs.

## COUNT II

### TRADEMARK INFRINGEMENT OF REGISTERED NORTH CAROLINA TRADEMARK (N.C. Gen. Stat. § 80-1 *et seq.*)

48. Raleigh Heating & Air realleges and incorporates paragraphs 1 through 47 as if fully set forth herein.

49. Raleigh Heating & Air owns an active North Carolina State Registration for the RALEIGH HEATING & AIR Mark.

50. The North Carolina RALEIGH HEATING & AIR Mark Registration, assigned number 022856, is valid, subsisting, and enforceable.

51. Defendant's use of the confusingly similar Infringing Marks in connection with at least heating, ventilation, and air conditioning services constitutes use that is likely to cause confusion and mistake, and use which is likely to deceive consumers as to the source or origin of

Raleigh Heating & Air's goods and services as associated with the Infringing Marks. Consumers are likely to believe that Defendant's goods and services are sponsored by, endorsed by, approved by, licensed by, authorized by, or affiliated or connected with Raleigh Heating & Air, in violation of N.C. Gen. Stat. § 80-11.

52. In view of at least Defendant's adoption of the Infringing Marks, agreement to change its name, and continued use *after* learning of Raleigh Heating & Air's registered and common law rights in the RALEIGH HEATING & AIR Mark, Defendant's acts have been deliberate, willful, and in intentional disregard of Raleigh Heating & Air's rights.

53. Defendant's wrongful acts have permitted and will continue to permit Defendant to serve clientele and earn substantial revenues and profits by improperly trading on the strength of Raleigh Heating & Air's extensive advertising, consumer recognition, and goodwill associated with the RALEIGH HEATING & AIR Mark.

54. As a direct and proximate result of this infringement, Raleigh Heating & Air has suffered and will continue to suffer damages.

55. As a direct and proximate result of this infringement, Raleigh Heating & Air has suffered and will continue to suffer irreparable damage to its business, trade, reputation, and goodwill as a result of the erroneous perception that the goods and services of Defendant are affiliated with, sponsored by, approved by, or originate from Raleigh Heating & Air.

56. Pursuant to N.C. Gen. Stat. §§ 80-11 & 80-12, Defendant's actions constitute unfair and deceptive trade practices in violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. 75-1.1 *et seq*.

57. Pursuant to N.C. Gen. Stat. § 75-16, Raleigh Heating & Air is entitled to a judgment against Defendant for actual damages, and those damages shall be trebled.

58. Raleigh Heating & Air is also entitled to an award of its attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1.

## COUNT III

## COMMON LAW TRADEMARK INFRINGEMENT

59. Raleigh Heating & Air realleges and incorporates paragraphs 1 through 58 as if fully set forth herein.

60. Raleigh Heating & Air owns valid common law trademark rights in the RALEIGH HEATING & AIR Mark by virtue of, at least, its substantially exclusive and continuous use of the RALEIGH HEATING & AIR Mark in relation to Raleigh Heating & Air's goods and services in North Carolina since at least 1992.

61. The RALEIGH HEATING & AIR Mark is inherently distinctive and/or has acquired secondary meaning in the minds of relevant consumers such that consumers associate Raleigh Heating & Air as the single source of the goods and services provided under the RALEIGH HEATING & AIR Mark.

62. Defendant's use of the substantially and confusingly similar Infringing Marks in relation to identical and/or substantially similar goods and services that are provided through the same or substantially similar channels of trade to the same or substantially similar consumers is causing and is likely to continue to cause consumer confusion, and infringes Raleigh Heating & Air's common law rights in the RALEIGH HEATING & AIR Mark.

63. Defendant's wrongful acts have caused and will continue to cause damage to Raleigh Heating & Air.

64. Defendant's wrongful conduct has caused and will continue to cause further irreparable injury to Raleigh Heating & Air if Defendant is not restrained by this Court from violation of Raleigh Heating & Air's rights.

65. Raleigh Heating & Air's remedy at law is not by itself adequate, and Raleigh Heating & Air has suffered and continues to suffer irreparable harm such that Raleigh Heating & Air is entitled to injunctive relief.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

66. Raleigh Heating & Air realleges and incorporates paragraphs 1 through 65 as if fully set forth herein.

67. Defendant's use of the Infringing Marks in connection with its goods and services is a false designation of origin, a false or misleading description of fact, and/or a false or misleading representation of fact.

68. Defendant's use of the substantially similar Infringing Marks in relation to identical and/or substantially similar heating, ventilation, and air conditioning goods and services is causing and is likely to cause consumer confusion and infringes Raleigh Heating & Air's common law rights in the RALEIGH HEATING & AIR Mark.

69. Defendant's conduct constitutes unfair competition under the common law of the State of North Carolina.

70. Defendant's wrongful acts have caused and will continue to cause damage to Raleigh Heating & Air.

71. Defendant's wrongful acts have caused and will continue to cause further irreparable injury to Raleigh Heating & Air if Defendant is not restrained by this Court from further violation of Raleigh Heating & Air's rights.

72. Raleigh Heating & Air's remedy at law is not by itself adequate, and Raleigh Heating & Air has suffered and continues to suffer irreparable harm such that Raleigh Heating & Air is entitled to injunctive relief.

## COUNT V

### VIOLATION OF NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT (N.C. Gen. Stat. § 75-1.1 *et seq.*)

73. Raleigh Heating & Air realleges and incorporates paragraphs 1 through 72 as if fully set forth herein.

74. At all relevant times, Defendant is and was engaged in commerce in North Carolina as defined by Chapter 75 of the North Carolina General Statutes.

75. The wrongful and infringing conduct of Defendant in commerce in at least North Carolina, as alleged above, affects Raleigh Heating & Air's actual and potential customers in the State of North Carolina and constitutes unfair or deceptive acts or practices.

76. Such wrongful acts which have injured and will continue to injure Raleigh Heating & Air and which have resulted and will continue to result in damages to Raleigh Heating & Air in North Carolina.

77. As a direct and proximate result of this unfair and deceptive conduct, Raleigh Heating & Air has been damaged and is entitled to a judgment against Defendant for actual damages, and those damages are to be trebled pursuant to N.C. Gen. Stat. § 75-16.

78. Raleigh Heating & Air is also entitled to an award of attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1.

**WHEREFORE**, Raleigh Heating & Air prays that this Court enter judgment in its favor and against the Defendant, RaleighHVAC247 LLC, on all counts of the Complaint and as follows:

1. A preliminary and permanent injunction enjoining and restraining Defendant RaleighHVAC247 LLC, and its associates, agents, servants, employees, officers, directors, representatives, successors, assigns, attorneys and all persons in active concert or participation with it who learn of the injunction through personal service or otherwise, from directly or indirectly or in any manner whatsoever, using or infringing the RALEIGH HEATING & AIR Mark;

2. That Raleigh Heating & Air be awarded all its damages caused by Defendant's infringement of the RALEIGH HEATING & AIR Mark and unfair competition associated with its use of the Infringing Marks;

3. That Raleigh Heating & Air be awarded damages consisting of Defendant's profits as a result of its use of the Infringing Marks;

4. That Raleigh Heating & Air be awarded enhanced damages of three times its actual damages and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and/or N.C. Gen. Stat. § 75-16;

5. A determination that this case is exceptional and/or that Defendant willfully, deliberately, and intentionally infringed the RALEIGH HEATING & AIR Mark, entitling Raleigh Heating & Air to, among other things, reasonable attorneys' fees under 15 U.S.C. § 1117, and an award of attorneys' fees under N.C. Gen. Stat. § 75-16.1;

6. An award of interest, including pre- and post-judgment interest;

7. A determination that the costs of this action be taxed against Defendant; and

8. Such other and further relief that this Court deems just and proper.

## JURY DEMAND

Raleigh Heating & Air requests a trial by jury on all issues so triable.

14

Case 4:21-cv-00035-M    Document 1    Filed 03/26/21    Page 14 of 15

DATED: <u>March 26, 2021</u>              Respectfully submitted,

  <u>/s/ Richard T. Matthews</u>
Richard T. Matthews
N.C. State Bar No. 32817
Andrew R. Shores
N.C. State Bar No. 46600
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
P.O. Box 1000
Raleigh, NC 27602
Telephone: 919-981-4000
Facsimile 919-981-4300
rmatthews@williamsmullen.com
ashores@williamsmullen.com